United States Court of Appeals,

Fifth Circuit.

No. 92-4551

Summary Calendar.

Woody VOINCHE, Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF the AIR FORCE, Defendant-Appellee.

Feb. 18, 1993.

Appeal from the United States District Court For the Western District of Louisiana.

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Woody Voinche appeals from the district court's denial of his motion for a fee waiver under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1988). Because Voinche failed to exhaust his administrative remedies with respect to the fee waiver, we decline to address the merits of his claim, and modify the district court judgment so that the fee waiver request is dismissed without prejudice. Voinche also requests that we rule on his motion for an index of documents withheld and to compel the answering of interrogatories. We decline to do so because the issues presented in the motion are moot. Accordingly, we affirm the district court judgment as modified.

I

Voinche filed an action against the Air Force, claiming that it had violated provisions of the FOIA by providing inadequate responses to three independent requests for information. While his suit was pending, Voinche filed a Motion for Public Interest Fee Waiver and Ruling for Classification of Plaintiff as an Non-Commercial Requester.[1] The district court denied Voinche's motion for a public interest fee waiver as to certain documents that the Air Force agreed to produce because Voinche had failed to show that disclosure of the information was in the public interest. Voinche also

_____

[1] Voinche requested a fee waiver for the search, review, and reproduction costs associated with his three FOIA requests.

filed a Motion for *Vaughn* Index and to Compel the Answering of Interrogatories. Before the district court ruled on Voinche's motion, the Air Force moved for summary judgment, claiming that it had fully complied with Voinche's requests by providing all available information that was not restricted due to national security interests. As a result, a United States magistrate judge, pursuant to the district court's request, delayed disposition of Voinche's motion, pending the district court's decision on the Air Force's motion for summary judgment. *See* Record on Appeal, vol. 2, at 268. The district court granted the Air Force's motion for summary judgment, and dismissed Voinche's claims with prejudice. The district court never ruled on Voinche's motion for a *Vaughn* index and to compel the answering of interrogatories.

II

A

Voinche alleges that he was entitled to a fee waiver because he established that disclosure of the information was in the public interest,[2] as required under 5 U.S.C. § 552(a)(4)(A)(iii) (1988).[3]

In discussing two other FOIA provisions, 5 U.S.C. § 552(a)(4)(B), (a)(6)(C) (1988), this Court in *Hedley v. United States,* 594 F.2d 1043 (5th Cir.1979), stated:

---

[2]Voinche also argues that the district court erroneously classified him as a commercial requester in denying his motion for a public interest fee waiver. In order to qualify for a fee waiver, a claimant must show that disclosure of the information is in the public interest, and that disclosure is not primarily for the claimant's own commercial interest. *See* 5 U.S.C. § 552(a)(4)(A)(iii) (1988).

> We find that Voinche misreads the district court's judgment. The Air Force admitted that Voinche should be considered a non-commercial requester. *See* Record on Appeal, vol. 2, at 275. In its memorandum opinion on Voinche's motion, the district court noted that the Air Force did not deny that Voinche was a noncommercial requester, but found that Voinche had failed to show that disclosure of the information was in the public interest. *See id.* at 270. It is clear that the district court did not deny Voinche's request to be classified as a noncommercial requester. Rather, the district court denied Voinche's motion for a fee waiver because he failed to show that disclosure was in the public interest. Therefore, Voinche's argument is without merit.

[3]Section 552(a)(4)(A)(iii) provides:

> Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

Although these sections do not expressly require that a claimant exhaust his administrative remedies prior to requesting judicial relief, they clearly do imply that exhaustion is required. Exhaustion of administrative remedies is a general prerequisite to judicial review of any administrative action. We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review.

*Id.* at 1044 (citations omitted). Our holding in *Hedley* —that FOIA requires exhaustion of administrative remedies—need not be limited to sections 552(a)(4)(B), (a)(6)(C). Like those sections, section 552(a)(4)(A), the FOIA provision discussing fee waivers, does not expressly require claimants to exhaust their administrative remedies before seeking judicial relief. However, section 552(a)(4)(A)(vii) implies that exhaustion is required: "In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo: *Provided,* That the court's review of the matter shall be limited to the record before the agency." 5 U.S.C. § 552(a)(4)(A)(vii) (1988). Accordingly, we hold that claimants seeking a fee waiver under FOIA must exhaust their administrative remedies prior to seeking judicial relief.[4]

Voinche has not alleged that he exhausted his administrative remedies, nor does the record contain evidence that he did so.[5] Therefore, we decline to address the merits of Voinche's claims.

---

[4]*See AFGHE, Local 2782 v. United States Dep't of Commerce,* 907 F.2d 203, 206, 209 (D.C.Cir.1990). In *AFGHE,* the claimants' requests for documents under the FOIA were denied by the Census Bureau. *Id.* at 209. The claimants brought a judicial action against the Census Bureau, seeking to compel the production of the documents. *Id.* at 206. The claimants filed with the district court a motion for a fee waiver, which the district court denied. *Id.* The claimants appealed the denial of the motion, arguing that the fee waiver was required because it was in the public interest. *Id.* at 209. The court on appeal refused to address the issue of waiver because the claimants had failed to exhaust their administrative remedies as required under the FOIA. *See id.* The court stated:

> As a general proposition, "a party seeking review of agency action [must] exhaust its administrative remedies before seeking judicial review.' We have specifically held that "[e]xhaustion of [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.' Moreover, the FOIA specifically provides that judicial review of a decision regarding waiver of fees, although *de novo* in the district court, "shall be limited to the record before the agency.' Since that record does not include a request to waive the search fee required by the Bureau, we decline to consider the appellant's claimed entitlement thereto.

*Id.* (citations omitted).

[5]With respect to Voinche's first and third FOIA requests, the record contains no evidence that Voinche filed a fee waiver request with the Air Force. As a result, Voinche has failed to exhaust his administrative remedies with regard to his first and third FOIA requests. Voinche did request

Furthermore, because Voinche's motion for a fee waiver was not properly before the district court, we vacate the district court order denying Voinche's fee waiver request.

## B

Voinche also argues that we should require the Air Force to produce a *Vaughn* index[6] and to answer interrogatories pertaining to Voinche's FOIA requests. Voinche seeks also to compel the Air Force to answer interrogatories pertaining to the Air Force's response to his FOIA requests. Because Voinche does not appeal the summary judgment in favor of the Air Force, these issues are moot. *See Rocky v. King,* 900 F.2d 864, 866 (5th Cir.1990) ("The mootness doctrine requires that the controversy posed by the plaintiff's complaint be "live' not only at the time the plaintiff files the complaint but also throughout the litigation process.").

## III

For the foregoing reasons, the district court judgment is MODIFIED so that Voinche's fee

that fees be waived for his second FOIA request, however. *See* Record on Appeal, vol. 1, at 144. Thus, the issue is whether Voinche exhausted his administrative remedies by requesting a fee waiver for the attendant costs of his second FOIA request.

In his second request, Voinche asked for "a list of documents [the Air Force has] on British, U.S., and German machine tools and engine-aircraft technology used and incorporated into Soviet aircraft." *See id.* at 39. Under Air Force regulations, " "[a] requester must be reasonably specific identifying each record sought. Sufficient data must be given to help find the records in a way that doesn't involve an unreasonable amount of effort. The Air Force isn't required to let requesters browse through entire files or large series of records to find a record that they then "identify.' " *Id.* at 43. Because Voinche requested information of a very broad (the Air Force located 1,724 related entries, *see* Record on Appeal, vol. 2, at 273) and non-descript nature, the Air Force did not rule on Voinche's request for a fee waiver, but instead asked Voinche to be more specific in his second FOIA request, pursuant to Air Force regulations. *See* Record on Appeal, vol. 1, at 36, 43, 46. The Air Force stated that it would take no further action until Voinche did so. Instead of amending his second FOIA request, Voinche brought a judicial action against the Air Force. Because Voinche could have amended his second request, and could have sought a ruling on his fee waiver request after doing so, Voinche failed to exhaust his administrative remedies with regard to his second FOIA request. *Cf. Rhodes v. United States,* 574 F.2d 1179 (5th Cir.1978) (holding that plaintiff had failed to exhaust administrative remedies where Secretary of the Army had not yet ruled upon adverse decision of the Army Claims Service).

[6]The purpose of a *Vaughn* index is to justify an agency's withholding of documents by correlating each document with a particular FOIA exemption. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); *Knight v. United States CIA,* 872 F.2d 660, 661-62 (5th Cir.1989), *cert. denied,* 494 U.S. 1004, 110 S.Ct. 1296, 108 L.Ed.2d 474 (1990).

waiver request is dismissed without prejudice;  in all other respects, the judgment is AFFIRMED.