Woody VOINCHE

v.

**FEDERAL BUREAU OF INVESTIGATION and U.S. Department of Justice.**

Civ. A. No. 92–0924.

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 4, 1993.

Woody Voinche, pro se.

John A. Broadwell, U.S. Attorney's Office, Shreveport, LA, for defendants.

### RULING

LITTLE, District Judge.

This suit was sparked when plaintiff Woody Voinche saw the 16 September 1991 television broadcast of Geraldo Rivera's syndicated series *Now It Can Be Told*. The topic of the show was the release of "secret files" allegedly revealing that the FBI had wiretapped various United States Supreme Court Justices. On 24 September 1991, a week after the broadcast, plaintiff filed a

Freedom of Information Act request with the Federal Bureau of Investigation ("FBI") seeking documents concerning FBI wiretaps of Supreme Court Justices. On 8 October 1991, the FBI acknowledged receipt of plaintiff's request. On 16 November 1991, plaintiff filed an administrative appeal challenging the FBI's failure to respond under the time limit provisions of the Freedom of Information Act ("the Act"). 5 U.S.C. § 552(a)(6)(A)(i). On 6 December 1991, the FBI sent plaintiff a letter stating that it was making efforts to process his request. The letter urged plaintiff to be patient, but stated that if the FBI had not responded by plaintiff's receipt of the letter, plaintiff was free to treat the letter as a denial of his appeal. Plaintiff waited nearly six months without further response. Finally, on 19 May 1992, plaintiff brought this action pursuant to 5 U.S.C. § 552(a)(4)(B). On 9 September 1992, the FBI responded to plaintiff's request with a three-page document. After receiving the FBI's response, plaintiff obtained a transcript of the Geraldo Rivera program and then contacted a guest on the program, the author of the book *Cloak and Gavel* (the individual responsible for "forcing" the FBI to release the secret files). This apparently led the plaintiff to the bibliography of the book. On 6 November 1992, plaintiff filed a motion for release of records and for a *Vaughn* index, asking this court to order the FBI to release more than fifty different documents listed in the bibliography.

The FBI responds to the plaintiff's motion with a motion to dismiss, or in the alternative, for summary judgment. The FBI argues that the plaintiff's claim has been rendered moot by the FBI's response to his request and that any challenges to the response must be made administratively before they can be raised in this court. We agree.

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In our analysis, we view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.), *reh'g denied*, 920 F.2d 259 (5th Cir.1990). Before we can find that no genuine issues of material fact exist, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party. *Id.*

As the Fifth Circuit recently explained to Mr. Voinche, the Freedom of Information Act requires exhaustion of administrative remedies prior to seeking judicial review. *See Voinche v. United States Dep't of Air Force*, 983 F.2d 667 (5th Cir.1993). Plaintiff's original request was ripe for this court to hear because he had exhausted the appeal procedures of 5 U.S.C. § 552(a)(6). Although tardy and forthcoming only after plaintiff filed suit, the FBI's response has rendered this claim moot. Consequently, no genuine issue of material fact remains for trial, and the defendant is entitled to summary judgment as a matter of law. If plaintiff wishes to challenge the sufficiency of the response, then he first must do this administratively. As for plaintiff's new list of desired documents, he must start again at the beginning by requesting these from the agency. Having the court's ear, the plaintiff no doubt hoped to circumvent a sequel to what he perceived to be dilatory treatment of his first request. While we do not lack understanding for Mr. Voinche's desire to bypass this process, we cannot serve as an express lane. We do urge, however, that this time his requests be treated with the promptness required by the Act.

For these reasons, the plaintiff's motion for release of records and for a Vaughn index is DENIED. The defendant's motion for summary judgment is GRANTED.