**Clarence L. McCLAIN, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant–Appellee.**

No. 93–1219.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 1, 1993.

Decided Dec. 29, 1993.

Clarence L. McClain, pro se.

James M. Kuhn, Asst. U.S. Atty., Office of the U.S. Atty., Chicago, IL, for defendants-appellees.

Before WOOD, Jr., EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Clarence McClain served time in prison for a variety of offenses arising out of an influence-peddling scheme swirling around Chicago's efforts to collect parking tickets more effectively. *United States v. McClain*, 934 F.2d 822 (7th Cir.1991). McClain asked the Federal Bureau of Investigation and other parts of the Department of Justice to open their files on his investigation and prosecution. Eventually the FBI located more than 9,600 documents containing McClain's name, which it offered to duplicate for approximately $950. McClain declined to pay and filed this suit under the Freedom of Information Act, seeking a waiver of copying fees.

"Documents shall be furnished without any charge or at a charge reduced below the fees established [elsewhere] if the disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). McClain sought the documents primarily to facilitate a challenge to his conviction; this is not a "commercial" interest. But the FBI concluded that disclosure of the files would not "contribute significantly to public understanding of the operations or activities of the government". "An agency's finding that a fee waiver does not satisfy the public interest

standard will be upheld unless the finding is arbitrary or capricious." *National Treasury Employees Union v. Griffin,* 811 F.2d 644, 647 (D.C.Cir.1987); see also *Savage v. CIA,* 826 F.2d 561, 563 (7th Cir.1987) (deferential review on the administrative record). The district court concluded that the FBI's decision was not arbitrary; we concur.

Details of the investigation and prosecution were explored during the criminal trial. McClain and his lawyers pored over the prosecutor's files (the United States Attorney for the Northern District of Illinois has an open-file policy) and had access to compulsory process to scare up additional evidence. The trial contributed, perhaps "significantly," to an understanding of Chicago's operations and the chicanery of hangers-on such as McClain; we doubt that more documents in the same vein have much to contribute to an understanding of the national government ("the government" to which the FOIA refers). McClain disagrees, characterizing the investigation and trial as more persecution than prosecution, and hinting gravely at conspiracies and racial discrimination. Such contentions were resolved against him at trial and on appeal; the FBI need not indulge his self-interested view of matters at this late date.

McClain avers that the Congressional Black Caucus, the National Council of Churches, and unnamed reporters are interested in the prosecution, and that he would turn the documents over to them so that they may bring injustices to light. Nothing in the record other than McClain's say-so suggests that any of these groups is keen to examine the material the FBI has accumulated. Anyone can tell a story, and the desire to save money would encourage people to conjure up lists of persons who could use the documents and to imagine that they might actually want them. We must assess this case in light of the identity and objectives of the actual requester; otherwise even a firm seeking documents to assemble a mailing list could obtain them for free on the pretext that after it was done it would turn them over to a reporter interested in the operation of the mail order business. McClain wants the documents to serve his own interest in vindication, and this private interest differs from "public under-standing of the operations or activities of the government". See *Savage,* 826 F.2d at 563; *McClellan Ecological Seepage Situation v. Carlucci,* 835 F.2d 1282, 1285–86 (9th Cir. 1987). Anyone other than McClain who wants these documents may ask for himself.

Even a request from a newspaper or non-profit institution would not lead to an automatic waiver of fees. Prices serve to ration access. Nonprofit status does not yield free access to facts; university libraries must pay for their books and journals. The press has an insatiable appetite for information, and the need to pay something for it leads everyone to ask whether the data are worth the marginal costs. Section 552(a)(4)(A)(ii) says that educational and scientific institutions, and the press, may be charged the normal costs of duplication, albeit not the costs of search. Duplication is all the FBI wants McClain to pay for. No matter *who* asks, a waiver of duplication fees depends on proof that disclosure would "contribute significantly to public understanding of the operations or activities of the government". We do not see a prospect of such a contribution, let alone a "significant" one.

AFFIRMED.