142 F.3d 440
 81 A.F.T.R.2d 98-1083, 98-1 USTC P 50,314
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis O'MEARA, Plaintiff-Appellant,
v.
Internal Revenue Service, Defendant-Appellee.
 No. 97-3383.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Mar. 12, 1998*.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 7276 James B. Moran, Judge.
 Before Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Dennis O'Meara appeals the district court's decision granting summary judgment to the Internal Revenue Service (IRS) in his suit seeking documents under the Freedom of Information Act (FOIA), 5 U.S .C. § 552. We affirm.
 
 
 2
 O'Meara, a revenue agent employed by the IRS, filed this action seeking to enjoin the IRS from withholding documents he requested pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Specifically, O'Meara sought documents reflecting the names, positions, salaries, and any extraordinary payments made to anyone employed by the Illinois District of the IRS between January 1, 1992 and December 31, 1994. After the lawsuit was filed, the IRS informed O'Meara that the information he sought would have to be specially compiled, and that the fee for this compilation would be between $800 (if O'Meara opted to forego documents regarding the origins of any extraordinary payments) and $8,650 (if O'Meara desired documents enumerating the origins of extraordinary payments). The IRS demanded full payment of the estimated cost of compiling the information before it undertook such action. The IRS also informed O'Meara that it would not release information regarding criminal investigators employed in the Illinois District.
 
 
 3
 After a flurry of motions, the district court granted summary judgment in favor of the IRS. The court reasoned that the case was moot because the IRS had agreed to produce the documents. Further, it found that O'Meara was not entitled to a waiver of the fee for producing the information. Finally, the court awarded O'Meara costs in the amount of $132 because "although he did not prevail in the lawsuit in a technical sense--we just entered summary judgment for the government--[he] did get access to the records he was told he could not get before the lawsuit." The district court concluded that the government's pre-litigation position was not substantially justified and, therefore, O'Meara was entitled to recover his costs.
 
 
 4
 On appeal, although it is far from clear, O'Meara appears to argue that the IRS may not charge him a fee to produce the documents because 5 C.F.R. § 293.311 states that certain items of personnel information may be disclosed to the public. However, there is no question that Congress intended people making FOIA requests to bear the costs of processing such requests. 5 U.S.C. §§ 522(a)(4)(A)(I), (ii) and (iv); see also McClain v. United States Dep't of Justice, 13 F.3d 220, 221 (7th Cir.1993). Moreover, Congress enumerated the categories of requestors for whom the fees may be reduced or waived. §§ 552(a)(4)(A)(ii)(II) and (A)(iii). O'Meara does not claim to fit any of these categories.
 
 
 5
 O'Meara also requests sanctions against "those Officials and Employees involved," apparently, in what he believes was the bad faith refusal to provide the documents he requested. FOIA, however, does not authorize sanctions as a remedy for failure to disclose documents. See Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir.1993); Wren v. Harris, 675 F.2d 1144, 1147 (10th Cir.1982). Instead, courts are limited to ordering the production of agency records, and assessing reasonable attorney fees and litigation costs against the United States. §§ 552(a)(4)(C) and (E).
 
 
 6
 In conclusion, although O'Meara's access claim is moot, and therefore not appealable, O'Meara's claims regarding the fees for collecting the documents and sanctions remain live controversies. However, because FOIA allows agencies to charge fees and because FOIA does not provide for sanctions, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)