# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2011

Lyle W. Cayce
Clerk

No. 10-31117
Summary Calendar

MCNEIL J. KEMMERLY,

Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF INTERIOR,

Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-9794

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM[*]:

Plaintiff McNeil Kemmerly sued the United States Department of the Interior (DOI) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Administrative Procedure Act (APA), 5 U.S.C. § 701, for declaratory, injunctive, and other relief for damages allegedly caused by the defendant's "on-going failure to process Plaintiff's FOIA requests in accordance with the laws of the United States." Kemmerly appeals from the district court's order granting DOI's motion to dismiss for lack of subject matter jurisdiction for failure to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

exhaust administrative remedies.  For the reasons that follow, we AFFIRM.

Kemmerly filed two FOIA requests relevant here with the DOI in his own name on behalf of a commercial client.[1]  After reviewing the requests, DOI provided fee estimates of $20,000 and $7,840.  Kemmerly refused to pay those costs, declined to narrow his requests, and did not pursue an administrative appeal.  Instead, he filed suit.  Because of the confusing state of the record, the district court ordered Kemmerly to file a memorandum and affidavit specifically identifying what records, if any, were requested but withheld for failure to pay the associated fees. Kemmerly complied, filing an affidavit from his client. After reviewing the affidavit, DOI construed it as a fifth request because it identified different and more specific information than what had been identified in the earlier requests.  DOI estimated the cost of processing that request was $250, which Kemmerly agreed to pay, and fulfilled the request shortly thereafter.  The DOI then filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative a motion for summary judgment, because Kemmerly had not exhausted his administrative remedies with respect to the remaining requests, and the district court granted the motion.

We review *de novo* a district court's order granting a motion to dismiss for lack of subject matter jurisdiction, applying the same standards as the district court.  *See Spotts v. United States*, 613 F.3d 559, 565-66 (5th Cir. 2010).  It is well established that a claimant must exhaust his administrative remedies prior to requesting judicial relief under FOIA.  *Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 (5th Cir. 1993); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979).  FOIA expressly conditions the agency's obligation to process requests

---

[1] Kemmerly has filed a total of five requests, but only three are relevant here. Kemmerly filed suit on the first two requests, but the same district court judge also dismissed that suit for a failure to exhaust administrative remedies because Kemmerly had not paid or promised to pay the fees. *See Kemmerly v. United States Dep't of Interior*, No. 06-2386, 2006 WL 2990122 (E.D. La. Oct. 17, 2006).  Kemmerly did not appeal that judgment and filed this suit with respect to the remaining requests a year later.

on the requester's compliance with "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). DOI regulations provide that "[t]he bureau will not start processing your request until the fee issue has been resolved." 43 C.F.R. § 2.18(d). The regulations also provide:

> If the bureau anticipates that the fees for processing your request exceed the amount you have indicated you are willing to pay, the bureau will notify you that it needs your *assurance of payment of fees as high as are anticipated, or an advance payment.* If the bureau does not hear from you within 20 workdays, it will assume that you are no longer interested in this matter and will close the file on your request.

43 C.F.R. 2.8(b)(1) (emphasis added). Payment of fees is therefore necessary to exhaust administrative remedies. *Voinche*, 983 F.2d at 669; *see Pollack v. Dep't of Justice*, 49 F.3d 115, 119-20 (4th Cir. 1995); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990) ("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."); *see Trenerry v. Internal Revenue Serv.*, No. 95-5150, 1996 WL 88459, at *1 (10th Cir. Mar. 1, 1996) (unpublished).

Kemmerly admits that he refused to pay or commit to pay the required fees. Instead, Kemmerly primarily argues that he constructively exhausted his administrative remedies because the DOI's responses and estimates were "not prepared in compliance with law" and were either untimely or arbitrary, capricious, excessive, and unreasonable. Constructive exhaustion is a narrow, statutory doctrine that deems a requester to have exhausted its administrative remedies if the agency does not act within the statutory deadlines. 5 U.S.C. § 552(a)(6)(C); *Morrow v. Fed. Bureau of Investigation*, 2 F.3d 642, 643 n.1 (5th Cir. 1993). "[W]here a requester has chosen to wait past the ten-day period until the agency has responded, Congress intended that the administrative route be pursued to its end. . . . Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power

No. 10-31117

to correct or rethink initial misjudgments or errors." *Taylor v. Appleton*, 30 F.3d 1365, 1369 (11th Cir. 1994) (quoting *Oglesby*, 920 F.2d at 64-65). Here, the DOI responded by providing Kemmerly with a cost estimate and the opportunity to revise his requests. Indeed, the DOI revised its cost estimate when Kemmerly filed an affidavit identifying the documents he requested more specifically. Kemmerly offers no support for his suggestion that we treat the DOI's response as no response at all, and we decline to do so. As such, Kemmerly has not constructively exhausted his administrative remedies.

Kemmerly is, of course, free to file another complaint after he exhausts his administrative remedies. To that extent, the district court should have dismissed his claims without prejudice. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997). For that reason, we AFFIRM the district court's dismissal of Kemmerly's claims, but REMAND with instructions that the district court modify its judgment to dismiss these claims without prejudice.