# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 6, 2013

No. 13-20094

Lyle W. Cayce
Clerk

BENJAMIN OSHEA CALHOUN,

Plaintiff - Appellant,

v.

FEDERAL BUREAU OF INVESTIGATION and UNITED STATES OF AMERICA,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3044

Before SMITH, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Benjamin Oshea Calhoun, proceeding *pro se*, sought an injunction to compel the Federal Bureau of Investigation ("FBI") to comply with his series of FOIA requests.  The FBI then produced a set of responsive documents.  Upon the FBI's motion, the district court dismissed the lawsuit, holding that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20094

documents rendered the controversy moot. The district court also denied Calhoun's motion for a new trial.

## I.

Calhoun filed his first FOIA request in November 2009. Calhoun sought copies of "all records" pertaining to him, including surveillance records, or records of "electronic eavesdropping." In a written response, the FBI informed Calhoun that it was unable to identify any such records. The FBI also informed Calhoun of his right to appeal the decision. Approximately one year later, in November 2010, Calhoun sent an e-mail to the FBI complaining of "illegal hacking and fake web pages" based on his apparent inability to access a certain website. The FBI responded, explaining that the described problem was not an FBI matter. From December 2010 through May 2012, Calhoun filed three more FOIA requests, seeking the same information he had sought in November 2009—"all records" pertaining to him, including surveillance records. In January 2011, and again in May 2012, the FBI informed Calhoun that it was unable to identify responsive records. Each time, the FBI restated that Calhoun had a right to appeal. In September 2012, Calhoun sent a letter to the attention of FBI Director Robert Mueller, complaining that his April 2012 request had not been fulfilled and again requesting "all records."

Calhoun filed his lawsuit in the United States District Court for the Southern District of Texas on October 5, 2012, seeking an injunction to compel the FBI to comply with his FOIA requests. Calhoun asserted that the FBI had failed to comply with the applicable time limitations in § 552(a)(6)(A) and that therefore he had exhausted his administrative remedies pursuant to § 552(a)(6)(C). During the pendency of the litigation, on December 10, 2012, the FBI released thirty-eight pages of responsive records.[1] With the exception of

---

[1] The FBI reviewed forty-one pages, withholding three pages because they were duplicates.

No. 13-20094

nine pages that included state criminal history records and one page that provided Calhoun's driver's license information, all released pages involved Calhoun's prior correspondence with the FBI—either requests for information sent by Calhoun or responses provided by the FBI. The FBI then moved to dismiss the lawsuit, arguing that Calhoun had failed to exhaust his administrative remedies and that the production of responsive records rendered the case moot. In an order dated January 30, 2013, the district court dismissed Calhoun's action on mootness grounds. The district court held that a viable case or controversy no longer remained, observing that while Calhoun "deplore[d] the tardiness" of the FBI's response and production, Calhoun did not deny that he had received the documents. The district court subsequently denied Calhoun's motion for a new trial.[2] This appeal followed.

## II.

We review *de novo* a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010). We apply the same standard as the district court. *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007). Under Rule 12(b)(1), a district court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts*, 613 F.3d at 566 (internal quotation marks omitted). Because the district court here did not resolve any disputed facts, our review is limited to whether the district court's application of the law is correct and, to the extent that the district court's decision was based on undisputed facts, whether those facts are

---

[2] There was no trial in this case. We construe Calhoun's motion for a new trial as a motion for reconsideration. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("We must construe the pleadings of pro se litigants liberally . . . .").

No. 13-20094

indeed undisputed. *See id.* We review a district court's ruling on a motion for reconsideration for abuse of discretion. *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010).

Federal subject matter jurisdiction is limited to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. This limitation has given rise to the concept of standing: "a plaintiff must have suffered . . . an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted). Even if a plaintiff has standing at the commencement of a case, when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff, the case is considered moot. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013). Federal courts have no constitutional authority to resolve moot disputes. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 525 (5th Cir. 2008).

## III.

Under the FOIA, a plaintiff must exhaust his administrative remedies prior to seeking judicial review of a federal agency's decision. § 552(a)(6)(A); *see also Kemmerly v. U.S. Dep't of Interior*, 430 F. App'x 303, 304 (5th Cir. 2011) (unpublished but persuasive) (citing *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993)). Where an agency fails to respond to a FOIA request in a timely manner, however, the requester is deemed to have exhausted his remedies and may bring an action in federal court. § 552(a)(6)(C). Such an action challenges the failure of the agency to act at behest of the requester. *Voinche*, 999 F.2d at 963.

Here, Calhoun grounded his request for injunctive relief in the FBI's alleged failure to respond to his FOIA requests, citing § 552(a)(6)(C). Even assuming that, prior to filing his action, Calhoun had exhausted his administrative remedies regarding the FBI's lack of response to his FOIA

4

requests, the district court correctly determined that Calhoun's action was rendered moot when the FBI produced responsive records. *See Voinche*, 999 F.2d at 963 ("Insofar as [the plaintiff] challenged the tardiness of the FBI's response, his claim [under the FOIA] was rendered moot by the FBI's response to his request."). Calhoun has not disputed that those records were produced or that they were responsive to his request. We therefore conclude, based on the complaint and the undisputed production of thirty-eight pages of records, that a viable case or controversy no longer remained.

Assuming *arguendo* that Calhoun is claiming that the FBI failed to produce all of the requested records, those claims have not been exhausted. Liberally construed, Calhoun's brief seems to contend that the FBI must be withholding records that are responsive to his litany of FOIA requests—including requests for records of "photographic surveillance" and intercepted "oral, wire, or electronic communication[s]" and records relating to the installation of the devices used to gather that information. We note that the FBI did not assert any exemptions to that effect. Nevertheless, if Calhoun wishes to contest the absence of such records, he must do so through the appropriate administrative appeals process. Accordingly, to the extent Calhoun has claims that were not mooted by the FBI's production of records, those claims were properly dismissed. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997) (claims not properly exhausted are subject to dismissal).

We conclude that the district court committed no error in dismissing the lawsuit on mootness grounds. To the extent that any of Calhoun's claims are not moot, however, we conclude that those claims are subject to dismissal for failure

No. 13-20094

to exhaust administrative remedies.  We further conclude that the district court did not err in denying Calhoun's motion for a new trial.[3]  We AFFIRM.

---

[3] Calhoun asserts other arguments in his brief that are somewhat difficult to comprehend.  Calhoun argues that the district court erred in not ruling on his "written objections," but the district court explicitly stated in its order that it had considered those objections, however.  Calhoun also contends that the FBI engaged in bad faith, but provides no supporting reasoning.  We reject all other arguments not specifically addressed here.