# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 21-50829

Eric Martin Matthews,

*Plaintiff—Appellant*,

*versus*

Executive Office of United States Attorneys; Federal Bureau of Prisons; Office of Legal Counsel; Office of the President; Office of the Judge Advocate General, U. S. Navy,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-370

Before Higginson, Willett, and Ho, *Circuit Judges*.
Per Curiam:*

From January 2018 through February 2019, federal prisoner Eric Matthews submitted Freedom of Information Act ("FOIA") requests to several government entities. At issue here are four requests—two directed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50829

to the Executive Office of U.S. Attorneys and two directed to the Bureau of Prisons ("BOP")—in which Matthews sought records related to: (1) his criminal investigation and prosecution; and (2) the food service at FCI Englewood.[1]

Frustrated that he had not received any records in response to these requests, Matthews initiated this action. In his complaint, Matthews alleged that his requests had "been obstructed, denied, or ignored," and asked the district court to order the agencies to respond.

The agencies subsequently produced records in response to the requests, and then moved to dispose of the complaint's claims on the grounds that they were either moot or unexhausted. The magistrate judge recommended dismissing the claims at issue in this appeal as moot, and the district court adopted the magistrate judge's recommendation. Matthews timely appealed.

We review questions of jurisdiction, including mootness, de novo. *Freedom from Religion Found. v. Abbott*, 955 F.3d 417, 423 (5th Cir. 2020). "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 469 (5th Cir. 2020) (en banc) (cleaned up). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) (quotations omitted).

---

[1] Matthews submitted other requests to BOP, the Department of Justice's Office of Legal Counsel, the Office of the President of the United States, and the Naval Criminal Investigative Service. But Matthews does not challenge the district court's resolution of the claims associated with those requests, and has therefore abandoned them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

"The Freedom of Information Act requires exhaustion of administrative remedies prior to seeking judicial review." *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993) (per curiam). But, consistent with 5 U.S.C. § 552(a)(6)(C), "[i]f an agency has not complied within the statutory time limits of an FOIA request, the requester shall be deemed to have exhausted his administrative remedies and [may] bring suit." *Id.* (citing 5 U.S.C. § 552(a)(6)(C)). That said, our court has been clear that "a suit [brought] pursuant to § 552(a)(6)(C) challenges only the timeliness of an agency's response." *Id.* (explaining that the issue in such an action "is not whether the requestor should have ultimate access to the records," but rather "what time constraints administrative agencies should be compelled to act by the court at the behest of a requester").

Matthews brought precisely that type of suit here. His complaint challenged the agencies' failure to timely respond to his requests, citing § 552(a)(6)(C). And Matthews does not dispute that the agencies have now responded to those requests. His claims regarding the timeliness of the agencies' responses are therefore moot. *See Voinche*, 999 F.2d at 963–64; *Calhoun v. F.B.I.*, 546 F. App'x 487, 490 (5th Cir. 2013) (per curiam).

Matthews resists this conclusion because, in his view, the agencies' responses were inadequate. But as the magistrate judge observed, our court has long distinguished "between FOIA claims based on the timeliness of the response and those based on the adequacy of the response." *See, e.g.*, *Voinche*, 999 F.2d at 963 (explaining that, in "a suit pursuant to § 552(a)(6)(C) . . . the issue whether the agency's response was adequate is not apposite"). Matthews did not challenge the adequacy of the agencies'

responses in his complaint.[2] Nor could he have:  There were no responses to challenge as inadequate when Matthews brought this action.

We agree with the district court that when the agencies "responded to his requests, Matthews' timeliness claims against them were rendered moot." Accordingly, we affirm.

---

[2] And regardless, any challenge to the adequacy of the agencies' responses would be subject to dismissal on exhaustion grounds. *See Voinche*, 999 F.2d at 963–64; *Calhoun*, 546 F. App'x at 490.