**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 97-50021.

Byron L. TAYLOR, Plaintiff-Appellant,

v.

UNITED STATES TREASURY DEPARTMENT, Internal Revenue Service,
Defendant-Appellee.

Nov. 12, 1997.

Appeal from the United States District Court for the Western
District of Texas.

Before KING and JONES, Circuit Judges, and WERLEIN,[*] District
Judge.

PER CURIAM:

Plaintiff-appellant Byron L. Taylor appeals the district
court's dismissal of his claims for injunctive relief and
declaratory judgment against defendant-appellee the United States
Department of the Treasury, Internal Revenue Service. We affirm
the dismissal, but remand for entry of a modified judgment
dismissing Taylor's Privacy Act claims without prejudice.

## I. BACKGROUND

This case arises out of the Internal Revenue Service's ("IRS")
denial of a series of requests for information made by Taylor under
the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the
Privacy Act of 1974, 5 U.S.C. § 552a.

---

[*]District Judge of the Southern District of Texas, sitting by
designation.

In a letter to the IRS Compliance Center in Austin, Texas dated September 14, 1995, Taylor requested a number of documents pertaining to his tax liability from 1984 through 1987 under the FOIA and the Privacy Act. Taylor identified the documents requested by tax period, transaction code, document locator number, and, where applicable, date.  Taylor also requested that the IRS send him copies of documents fitting the following descriptions if they were not included among the specific documents that he listed:

> (1) "all documents, letters, notices, etc., and all supporting documents which activated the CAF (Centralized Authority File) code on [Taylor's] IMF Transcript Specific for the tax periods 1984, 1985, 1986, and 1987;"

> (2) "all documents and supporting documents which constitute the summary record of assessment for [Taylor];" and

> (3) "any documents which indicate the mailing address of [Taylor] to be 1900 Simler Ave., Box 7038, Big Spring, Texas 79720-7701."

The IRS replied with a letter dated September 26, 1995 stating that Taylor's request could not be honored under the FOIA because it did not comport with regulatory requirements promulgated under the FOIA. The IRS's letter advised that a proper FOIA request must include, among other things, proof of the requester's identity, the requester's social security number, and a firm commitment to pay search and copy costs.

Taylor resubmitted his request by way of a letter dated September 28, 1995, this time including his social security number. The IRS responded in a letter dated November 7, 1995, which stated that Taylor's request still failed to meet regulatory requirements under the FOIA because it lacked proof of the requester's identity

2

and a firm commitment to pay search and copy costs. The IRS's letter also stated that Taylor had failed to pay $187 in search fees associated with an unrelated FOIA request that Taylor made on June 18, 1995, and that subsequent requests would not be processed until receipt of the search fees for the previous request.

In a letter dated November 10, 1995 that incorporated his September 28, 1995 request by reference, Taylor provided proof of his identity and a "firm promise to pay all costs for locating and duplicating the requested records." The letter also voiced Taylor's objection to the IRS's refusal to process his September 28 request on the basis of his refusal to prepay fees for his June 18 request. In a letter dated December 4, 1995, the IRS responded that it had expended six hours searching for the records identified in Taylor's September 28 request, and that it would provide Taylor with copies of the requested documents upon receipt of $68 in search fees. The IRS indicated that search fees were calculated at a rate of "$17.00 for each hour or fraction thereof, and the first 2 hours [were] furnished at no charge."

In a letter dated December 15, 1995, Taylor responded to the IRS's December 4 letter, claiming that no statutory authority existed for requiring him to prepay search fees and complaining that the search fees he was being charged were too high. Taylor indicated that, if the IRS "insist[ed] on assessing these excessive charges," he intended to appeal the amount of the search fees. In a letter dated January 25, 1996, the IRS responded that § 531 of subsection 1272 of the Internal Revenue Manual required prepayment

3

of applicable fees prior to release of records, and that § 553 of the same subsection established the search fee rate of $17.00 per hour or fraction thereof. The IRS also indicated that 31 C.F.R. § 1.7(f)(2) and (g)(2)(i) provided regulatory authority for the prepayment requirement and the search fee rate charged.

Taylor appealed the IRS's refusal to provide him with copies of the requested records without prepayment of search fees to the IRS in Washington, D.C. Taylor argued that (1) the IRS may require prepayment of search fees associated with a FOIA request only when the costs associated with a request exceed $250.00, and (2) search fees may not be charged on Privacy Act requests. The IRS denied this appeal.

Taylor commenced this suit on May 20, 1996, seeking an injunction compelling the IRS to produce the requested records, declaratory judgment,[1] and attorney's fees, and he subsequently filed a motion for summary judgment. The IRS's response to the

---

[1]Taylor's complaint requested that the court enter a declaratory judgment establishing that

1) his request was proper under FOIA and the Privacy Act;

2) he has a right of access to all of the documents that he requested under the Privacy Act;

3) the documents that he requested are not excepted from disclosure under the Privacy Act;

4) the IRS was entitled to charge him only for copy fees under the Privacy Act;

5) he has exhausted all of his administrative remedies; and

6) the district court has jurisdiction to order production of the requested documents.

4

motion for summary judgment also contained a motion to dismiss. The district court denied Taylor's motion for summary judgment and granted the IRS's motion to dismiss, in part on the ground that the court lacked subject matter jurisdiction over Taylor's Privacy Act claims because Taylor had failed to exhaust his administrative remedies.[2] Taylor filed a timely notice of appeal.

## II. DISCUSSION

The district court concluded that it lacked subject matter jurisdiction over Taylor's claims under the Privacy Act because Taylor had failed to exhaust his administrative remedies by making a proper request under the Act. On this basis, the court dismissed those claims with prejudice. Taylor contends that he made a proper request under the Privacy Act, and thus exhausted his administrative remedies. In the alternative, he argues that the IRS is estopped from arguing that he failed to exhaust administrative remedies because it never informed him of any deficiency in the form of his Privacy Act request.

We conclude that the district court correctly held that Taylor

---

[2]The district court dismissed Taylor's FOIA claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the IRS possessed regulatory authority to require that Taylor pay search fees prior to the IRS's releasing the requested records to him. Taylor does not challenge the district court's disposition of his claim under the FOIA.

The district court did not expressly state the basis under the Federal Rules of Civil Procedure for its dismissal of Taylor's claims under the Privacy Act. However, the IRS's motion to dismiss requested dismissal pursuant to Rule 12(b)(1) for want of subject matter jurisdiction. Because the district court stated that it lacked jurisdiction over Taylor's Privacy Act claims, we conclude that it predicated this portion of its order of dismissal on Rule 12(b)(1).

failed to exhaust his administrative remedies, but erred in concluding that Taylor's failure to exhaust administrative remedies divested it of jurisdiction over his claims. However, the district court nonetheless properly dismissed Taylor's claim because he has failed to state a claim upon which relief can be granted. We address in turn the distinct issues of exhaustion, jurisdiction, and the propriety of dismissal on alternative grounds.

## A. *Exhaustion*

The district court concluded that Taylor failed to make a proper request under the Privacy Act because his request did not comport with applicable regulatory requirements. Specifically, the court concluded that Taylor's Privacy Act request failed to comply with 31 C.F.R. § 1.26(d)(1)(iii), which requires that a request for records under the Privacy Act

> [g]ive the name of the system or subsystem or categories of records to which access is sought, as specified in the "Privacy Act Issuances" published by the Office of the Federal Register and referenced in the appendices to this subpart[.]

31 C.F.R. § 1.26(d)(1)(iii).[3] The IRS also argues that Taylor

_____

[3]Some question exists as to whether § 1.26(d)(1)(iii) actually applies to a request for access to records, such as the one made by Taylor. Section 1.26(d)(1)(iii) is one of several requirements with which a request for notification that a particular record does or does not exist must comply. Section 1.26(d)(2) lists requirements with which a request for access to records must comply "in addition to complying with paragraph (a)(1)(i) through (vi) of this section." 31 C.F.R. § 1.26(d)(2). Section 1.26(a), however, contains no subparts. Section 1.26(d)(1), on the other hand, contains subparts labeled (i) through (vi). We are of the opinion, therefore, that the reference to (a)(1)(i) through (vi) in § 1.26(d)(2) was intended to be a reference to (d)(1)(i) through (vi). In any event, Taylor does not dispute the applicability of § 1.26(d)(1)(iii) to requests for access to records generally, nor does he complain that the typographical error in the regulations deprived him of adequate notice of the requirement that he list the

failed to comply with additional regulations specific to the IRS's Privacy Act compliance procedure that require a requesting party to identify the location of the systems to be searched as well as the business address of the official designated in the access section of the Notice of Systems entry for the system printed in the Privacy Act Issuances. *See* 31 C.F.R. pt. 1, subpt. C app. B. Taylor's Privacy Act requests plainly did not comply with the above regulations because he did not list the systems that he wished to have searched, their location, and the business address of the systems officer provided in the Notice of Systems.[4]

Taylor contends that the above regulatory requirements are inapplicable to his request because "the documents [he requested] are not identified in the Federal Register." Taylor is correct in stating that the particular documents that he has requested are not individually listed in the Federal Register; rather, the Federal Register lists *systems* of documents that may be searched. *See, e.g.,* Privacy Act of 1974: Systems of Records, 60 Fed.Reg. 56,648 (1995). Taylor may determine from the descriptions of records and persons covered by the systems contained in the Federal Register

systems of records that he desired to have searched.

[4]Taylor argues, and the IRS concedes, that search fees are not chargeable under the Privacy Act. *See* 5 U.S.C. § 552a(f)(5) ("In order to carry out the provisions of this section, each agency that maintains a system of records shall promulgate rules ... which shall ... establish fees to be charged, if any, to any individual for making copies of his record, *excluding the cost of any search for and review of the record.*")(emphasis added). Thus, Taylor's refusal to pay search fees does not constitute a procedural barrier to his Privacy Act request in the same sense that it does to his FOIA request.

which systems may contain the types of records that he seeks and make his requests accordingly. *See* 1 JUSTIN D. FRANKLIN & ROBERT F. BOUCHARD, GUIDEBOOK TO THE FREEDOM OF INFORMATION AND PRIVACY ACTS § 3.04[3] (2d ed.1997) (discussing a variety of methods for locating records available under the Privacy Act).

Taylor also argues that his Privacy Act request was sufficient because he provided the IRS with the transaction code, locator number, and date of issuance when available for the documents that he requested. Taylor contends that this constitutes a reasonable description of the requested documents, and a reasonable description is all that the Privacy Act requires. However, the cases upon which Taylor relies for this proposition address the description of documents required for FOIA requests rather than Privacy Act requests. *See Marks v. United States Dep't of Justice,* 578 F.2d 261 (9th Cir.1978); *Reeves v. United States,* Nos. CV-S-94-1291-DFL-PAN, CV-S-94-1292-DFL-JFM, 1994 WL 782235 (E.D.Cal. Nov.16, 1994).[5] While the regulations promulgated under the FOIA require only a reasonable description of the requested documents, *see* 26 C.F.R. § 601.702(c)(4), as indicated by the regulations discussed above, the Privacy Act possesses much more specific requirements for describing requested documents—requirements with which Taylor's request did not comply.

---

[5]*Reeves* actually involved Privacy Act requests as well, but the court dismissed one of the plaintiffs' Privacy Act requests on precisely the same basis as the district court in this case: the plaintiffs failed to specify the name and location of the systems of records that they desired to have searched. *See Reeves,* 1994 WL 782235, at *3.

8

In the alternative, Taylor contends that the IRS is estopped from arguing that he failed to exhaust his administrative remedies because (1) the IRS actually found the records he requested and (2) the letters from the Disclosure Office never informed him that his Privacy Act request failed to comport with regulatory requirements. Taylor's claim lacks merit. "Equitable estoppel is a doctrine that is rarely valid against the government." *United States v. Bloom,* 112 F.3d 200, 205 (5th Cir.1997). In order to establish estoppel against the government, a party must establish affirmative government misconduct in addition to the four traditional elements of estoppel, which include proof

> (1) that the party to be estopped was aware of the facts, and (2) intended his act or omission to be acted upon; [and] (3) that the party asserting estoppel did not have knowledge of the facts, and (4) reasonably relied on the conduct of the other to his substantial injury.

*Id.* We need not reach the issue of whether Taylor has established the traditional elements of estoppel because he has alleged no affirmative misconduct on the part of the IRS. He simply states that the IRS found the records that he requested and failed to inform him of any procedural deficiency in his Privacy Act request. These allegations allow no inference of affirmative misconduct, and thus provide no basis for estopping the IRS from asserting the procedural shortcomings of Taylor's Privacy Act request.

Taylor's failure to present a request that comported with applicable Privacy Act regulations constituted a failure to exhaust administrative remedies because, as a technical matter, the IRS never denied a properly framed request for access to records. *See*

9

*Graphics of Key West, Inc. v. United States,* No. CV-N-93-718-ECR, 1996 WL 167861, at *7 (D.Nev. Feb.5, 1996) (dismissing FOIA claim for failure to exhaust administrative remedies on basis that plaintiffs' FOIA requests failed to meet regulatory requirements); *Kessler v. United States,* 899 F.Supp. 644, 645 (D.D.C.1995) (same); *Lilienthal v. Parks,* 574 F.Supp. 14, 18 (E.D.Ark.1983) (dismissing Privacy Act claim for failure to exhaust administrative remedies on ground that plaintiff's Privacy Act request failed to comply with regulations regarding verification of the requester's identity); *Reith v. Internal Revenue Service,* Civ. No. F 80-87, 1980 WL 1659, at *5 (N.D.Ind. Sept.10, 1980) (dismissing plaintiff's FOIA claim on ground that plaintiff's failure to make a proper FOIA request constituted a failure to exhaust administrative remedies); *White v. Loury,* Civ. No. C78-144, 1978 WL 4499, at *3 (N.D.Ohio May 30, 1978) (same); *cf. American Fed'n of Gov't Employees v. U.S. Dep't of Commerce,* 907 F.2d 203, 209 (D.C.Cir.1990) (rejecting plaintiff's claim that government agency should have waived search fees associated with its FOIA request on ground that plaintiff failed to exhaust administrative remedies by requesting such a waiver from the agency). We turn next to the legal effect of Taylor's failure to exhaust administrative remedies.[6]

---

[6]The IRS has predicated all of its arguments in this case on the proposition that Taylor failed to exhaust his administrative remedies by failing to make a proper Privacy Act request; the district court accepted the IRS's position, and Taylor's appeal is addressed to it. As indicated above, substantial legal authority exists for the proposition that failure to submit a proper request constitutes a failure to exhaust administrative remedies. Accordingly, we have disposed of the case on this ground.

B. *Subject Matter Jurisdiction*

The district court concluded that Taylor's failure to exhaust administrative remedies divested it of jurisdiction to hear his Privacy Act claims. Whether the district court possessed subject matter jurisdiction over Taylor's claims against the IRS constitutes a question of law. *See In re Grand Jury Proceedings,* 115 F.3d 1240, 1243 (5th Cir.1997). Accordingly, we review the district court's dismissal of Taylor's claims for want of subject matter jurisdiction de novo. *See id.*

Contrary to the district court's conclusion, exhaustion of administrative remedies under the Privacy Act is not a jurisdictional prerequisite. Whenever the Congress statutorily mandates that a claimant exhaust administrative remedies, the exhaustion requirement is jurisdictional because it is tantamount

---

However, the case arguably need not be regarded as presenting a question of exhaustion at all. The Privacy Act provides federal district courts with jurisdiction to "enjoin the agency from withholding the records and order the production to the complainant of any agency records *improperly* withheld from him." 5 U.S.C. §552a(g)(3)(A) (emphasis added). Section 552a(g)(3)(A) indicates that the administrative procedure with which Taylor failed to comply—submission of a properly framed request—is a necessary element of Taylor's claim for injunctive relief.

Taylor's requests, which are attached as exhibits to his complaint, manifestly indicate that he never made a proper Privacy Act request because his requests do not specify the name, location, and business address of the officer responsible for disclosures of the systems, subsystems, and groups of records that he desired to have searched as required by applicable regulations. Thus, the face of Taylor's complaint indicates that he has failed to state a claim upon which relief can be granted. Under this theory of the case, to the extent that Taylor never presented the IRS with a proper Privacy Act request, the IRS never *improperly* withheld records from him.

11

to a legislative investiture of exclusive original jurisdiction in the agency. *See, e.g., Meliezer v. Resolution Trust Co.,* 952 F.2d 879, 882 (5th Cir.1992) (observing that Congress's power to vest an agency with exclusive original jurisdiction indicates that a statutory exhaustion requirement is jurisdictional); *Townsend v. United States Dep't of Justice Immigration & Naturalization Serv.,* 799 F.2d 179, 181 (5th Cir.1986) ("When exhaustion is statutorily mandated, the requirement is jurisdictional.").

However, in the absence of a statutory requirement of exhaustion of administrative remedies, the jurisprudential doctrine of exhaustion controls. *See McKart v. United States,* 395 U.S. 185, 193-94, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969) (discussing "judicial application of the exhaustion doctrine in cases where the statutory requirement of exclusivity [of an agency's jurisdiction] is not so explicit"). The jurisprudential exhaustion doctrine is not jurisdictional in nature. *See Information Resources, Inc. v. United States,* 950 F.2d 1122, 1126 (5th Cir.1992) (observing that courts have greater discretion in applying the judicially created exhaustion doctrine than the statutory exhaustion requirement because the latter is jurisdictional); *Central States S.E. & S.W. Areas Pension Fund v. T.I.M.E.-DC, Inc.,* 826 F.2d 320, 326 (5th Cir.1987) (noting the distinction between exhaustion of administrative remedies as "a statutorily mandated jurisdictional prerequisite" and "the "prudential,' judicial doctrine requiring such exhaustion"); *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co.,* 818 F.2d 1034, 1039 & n. 26 (1st Cir.1987) (observing that

12

"the requirement that a plaintiff exhaust its administrative remedies is not a strict *jurisdictional* requirement" unless "the plaintiff's cause of action is provided by a statute that also establishes a scheme of administrative remedies and requires that the plaintiff exhaust these remedies before seeking judicial relief"); *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton TRI Indus.,* 727 F.2d 1204, 1208 (D.C.Cir.1984) ("Only when Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision ... has the Supreme Court held that exhaustion is a jurisdictional prerequisite." (footnote omitted)); *Holloway v. Gunnell,* 685 F.2d 150, 152 n. 2 (5th Cir.1982) (concluding that exhaustion of administrative remedies in a *Bivens*-type action was not a jurisdictional prerequisite, but rather a defense subject to waiver like any other).

The Privacy Act contains no express statutory requirement of exhaustion of administrative remedies. Section 552a(d)(1) establishes a duty for federal agencies to provide requesting parties with access to records:

> (d) Access to records.—Each agency that maintains a system of records shall—
>
> (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence[.]

5 U.S.C. § 552a(d)(1). Section 552a(g)(1) of the Act, which vests

13

federal district courts with jurisdiction over claims for violations of the Privacy Act, provides in relevant part as follows:

> (g)(1) Civil remedies—Whenever any agency
>
>    ...
>
>    (B) refuses to comply with an individual request under subsection (d)(1) of this section[,]
>
>    ...
>
> the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

*Id.* § 552a(g)(1). Section 552a(g)(3)(A) goes on to provide as follows:

> (3)(A) In any suit brought under the provisions of subsection (g)(1)(B) of this section, the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.

*Id.* § 552a(g)(3)(A). The language in the above provisions does not expressly require exhaustion of particular administrative remedies, and more specifically does not require a requesting party to fashion the request in any particular way. It plainly does not constitute the "clear, unequivocal" manifestation of Congressional intent necessary to render exhaustion of administrative remedies a jurisdictional prerequisite. *I.A.M. Nat'l Pension Fund Benefit Plan C,* 727 F.2d at 1208; *cf. Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir.1979) (observing that the FOIA does "not expressly require that a claimant exhaust his administrative remedies prior to requesting judicial relief"). We therefore

14

conclude that Taylor's failure to exhaust administrative remedies did not constitute a jurisdictional bar to assertion of his claim in federal district court.  However, our inquiry does not end here because we conclude that application of the jurisprudential exhaustion doctrine in this case indicates that Taylor has failed to state a claim upon which relief can be granted.

## C. *Failure to State a Claim*

The jurisprudential exhaustion doctrine is a "long settled rule of judicial administration [which mandates] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50-51, 58 S.Ct. 459, 463-64, 82 L.Ed. 638 (1938).  The doctrine serves

> (1) to avoid premature interruption of the administrative process;  (2) to let the agency develop the necessary factual background upon which decisions should be based;  (3) to permit the agency to exercise its discretion or apply its expertise;  (4) to improve the efficiency of the administrative process;  (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene;  (6) to give the agency a chance to discover and correct its own errors;  and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Patsy v. Florida Int'l Univ.,* 634 F.2d 900, 903 (5th Cir. Jan.1981) (en banc) (quoting *McKart,* 395 U.S. at 193-95, 89 S.Ct. at 1662-63), *rev'd and remanded on other grounds sub nom., Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

While courts have discretion in applying the jurisprudential exhaustion requirement, *see Information Resources, Inc.,* 950 F.2d

at 1126, the exercise of that discretion is circumscribed in that a court should only excuse a claimant's failure to exhaust administrative remedies in extraordinary circumstances. *See Central States S.E. & S.W. Areas Pension Fund,* 826 F.2d at 329. Traditional circumstances in which courts have excused a claimant's failure to exhaust administrative remedies include situations in which (1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g., the claimant contends that the administrative process itself is unlawful), and (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim. *See Patsy,* 634 F.2d at 903-04.

None of the traditional exceptions to the general rule requiring exhaustion of administrative remedies applies in this case. First, the unexhausted administrative remedy—the making of a Privacy Act request that comports with regulatory requirements—is not plainly inadequate. To the contrary, the making of such a request would entitle Taylor to receipt of the documents that he has requested to the extent that they fall within the Privacy Act's disclosure requirements. Second, Taylor has made no constitutional challenge. Third, Taylor has not challenged the lawfulness of the Privacy Act regulations with which his request failed to comply. Fourth, Taylor has not demonstrated that submission of a proper

16

request would be futile because he has offered no basis upon which to conclude that the IRS would deny a properly formulated request. In sum, we cannot say that this case presents exceptional circumstances that warrant excepting Taylor from the general rule that he must exhaust the administrative remedies available to him before seeking judicial relief.

This is not to say that we do not sympathize with Taylor's position. This lawsuit would likely never have occurred had the IRS simply informed Taylor that it could not process his request under the Privacy Act because his request failed to state the name, location, and address of the officer in charge of the systems, subsystems, or groups of records that he desired to have searched.[7] We also recognize that submission of a request including this information is a largely empty gesture in light of the IRS's admission in its brief that it has already "searched for and found

---

[7]It appears that the IRS may have had an obligation under applicable regulations to inform Taylor that his Privacy Act request did not conform to the IRS's regulatory requirements. Section 1.26(g)(4) of Title 31 of the Code of Federal Regulations states in part as follows:

> When it is determined that the request for ... access to records will be denied (whether in whole or in part or subject to conditions or exceptions), the person making the request shall be so notified by mail in accordance with paragraph (g)(1) of this section. The letter of notification shall ... contain a statement of the reasons for not granting the request as made[.]

31 C.F.R. § 1.26(g)(4). However, because Taylor does not argue that the IRS has failed to comply with § 1.26(g)(4), we express no opinion as to the effect of this regulation on suits in which an agency justifies its denial of a Privacy Act request during judicial review on grounds different than those communicated to the requesting party at the time of the denial.

17

the requested documents."  Nonetheless, as Justice Holmes once observed, "Men must turn square corners when they deal with the Government."  *Rock Island, A. & L.R. Co. v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920).  The exhaustion doctrine dictates that Taylor's claims under the Privacy Act must be dismissed for failure to state a claim upon which relief can be granted.

Taylor's appropriate remedy in this case is submission of a Privacy Act request that complies with the regulatory requirements discussed in Part II.A, *supra.*  He is, of course, free to file another complaint if the IRS refuses to comply with a properly framed request.  To that extent, the district court should have dismissed his Privacy Act claims pursuant to Rule 12(b)(6) without prejudice.[8]  *See Seniority Research Group v. Chrysler Motor Corp.,* 976 F.2d 1185, 1189 (8th Cir.1992) ("The normal consequence of a holding that a plaintiff has failed to exhaust intra-union remedies is a dismissal without prejudice.  The plaintiff, once these remedies are exhausted, if complete relief has not been obtained, can return to court.").

### III. CONCLUSION

---

[8]Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies.  *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1360, at 433 (2d ed.  1990) ("Rule 12(b)(6) also has been used to make a motion to dismiss because of a plaintiff's failure to exhaust administrative remedies ...." (footnote omitted)).  Such a motion may be without prejudice. *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[6][a] (3d ed.  1997) ("A dismissal for failure to state a claim ... [is] presumed to be with prejudice *unless the order explicitly states otherwise* ...." (emphasis added)).

For the foregoing reasons, we AFFIRM the district court's dismissal of Taylor's Privacy Act claims, but REMAND with instructions that the district court modify its judgment so as to dismiss these claims without prejudice.