Earlus L. **WILLIAMS**, Plaintiff–Appellant,

v.

Mark A. **BEZY**, Warden, et al., Defendants–Appellees.

No. 03–4008.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

Earlus L. Williams, Lisbon, OH, pro se.

Steven J. Paffilas, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before SUHRHEINRICH and GIBBONS, Circuit Judges; and LAWSON, District Judge.*

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Earlus L. Williams, a federal prisoner, appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 and under the Privacy Act, 5 U.S.C. § 552a(e)(5). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Williams filed his complaint in the district court alleging that defendant federal prison officials made decisions regarding his security classification based on inaccurate information contained in his presentence investigation report. The district court dismissed the complaint sua sponte. The court dismissed plaintiff's general Privacy Act claim without prejudice for failure to exhaust available administrative remedies and dismissed plaintiff's Privacy Act and civil rights claims against the individual defendants with prejudice for failure to state a claim upon which relief can be granted. Plaintiff filed a timely notice of appeal and subsequently filed a timely Fed.R.Civ.P. 59(e) motion. The district court denied plaintiff's Rule 59(e) motion. On appeal, plaintiff contends that the district court erred in dismissing each of his claims. The government responds that the district court's judgment was proper.

■ Upon de novo review, *see White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997), we affirm the judgment for the reasons stated by the district court in its memorandum of opinion and order filed June 30, 2003. The district court dismissed the bulk of plaintiff's claims sua sponte for failure to state a claim upon which relief can be granted, which it is authorized to do pursuant to 42 U.S.C. § 1997e(c)(2) and 28 U.S.C. §§ 1915(e)(2) & 1915A. First, the district court properly dismissed plaintiff's Privacy Act claims.

Plaintiff's Privacy Act cause of action is available only against an agency of the United States. *See Windsor v. The Tennessean,* 719 F.2d 155, 159–60 (6th Cir. 1983). Further, exhaustion of administrative remedies is jurisdictional. *See Taylor v. United States Treasury Dep't,* 127 F.3d 470, 474 (5th Cir.1997). Here, plaintiff did not exhaust available administrative remedies and named as defendants only individuals. Accordingly, the district court properly dismissed the claim with respect to the individual defendants and otherwise dismissed the claim without prejudice for failure to exhaust administrative remedies.

■ Finally, the district court also properly dismissed plaintiff's civil rights claims. Although plaintiff's civil rights claims are not cognizable under 42 U.S.C. § 1983 because federal officials do not act under color of state law, civil rights claims are cognizable against federal officials under the authority enunciated in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, plaintiff did not state a claim upon which relief can be granted because he has no entitlement protected by due process to a particular security classification or to be incarcerated in a particular facility. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Further, plaintiff did not set out a cognizable equal protection claim because he did not allege that he was the victim of any invidious discrimination based on membership in a protected class. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir.1990). Accordingly, the district court properly dismissed plaintiff's civil rights claims as well.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.