**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH B. McGEE,

      Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS;
MICHAEL B. COOKSEY, Assistant
Director; WARDEN THOMAS;
CAPTAIN JENKINS; CAPTAIN
KELLER; S.I.A. CHILDS; S.I.A.
TORRES; S.I.A. HARRISON,

      Defendants-Appellees.

No. 04-1142

(D.C. No. 03-Z-2522)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

Plaintiff Joseph McGee, a federal prisoner, filed a <u>Bivens</u> action against federal

prison officials alleging violations of his constitutional rights, which included a claim for

violation of the Privacy Act, 5 U.S.C. § 552a, arising out of defendants' decision to

classify him as a member of the Aryan Brotherhood. The district court dismissed without

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

prejudice his claims under the Privacy Act and the Eighth Amendment for failure to exhaust administrative remedies, and dismissed his due process claims as legally frivolous. McGee appeals those rulings. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, affirm the dismissal of McGee's Privacy Act and Eighth Amendment claims for failure to exhaust administrative remedies, reverse the dismissal of his due process claims as legally frivolous and remand with directions to dismiss these claims without prejudice for failure to exhaust administrative remedies.

## I.

On December 5, 2003, McGee filed a pro se complaint against the Federal Bureau of Prisons (BOP), two BOP officials, and various BOP employees. The following allegations were contained in that complaint: While McGee was housed at the federal penitentiary in Leavenworth, Kansas (USP-Leavenworth), he was subpoenaed to testify in court as a witness for an individual who was a known member of the Aryan Brotherhood (AB). McGee testified, although prison officials allegedly warned him not to appear and testify. Upon his return to USP-Leavenworth, he was allegedly placed in confinement and informed by a prison official that he "had screwed up" and "could join the rest of them (the Aryan Brotherhood members) since he wanted to help them out so bad." ROA, Doc. 2 at 4. He allegedly was further advised that he was going to be officially classified as a member of the AB and transferred to a more secure facility.

Although USP-Leavenworth officials allegedly abandoned their attempt to classify

2

McGee as a member of the AB, McGee was transferred to the federal penitentiary in Florence, Colorado (USP-Florence). In April or early May 2002, McGee was informed by prison officials that he had been officially classified as a member of the AB. Approximately one month later, confidential papers from McGee's prison file were allegedly left in the inmate law library by staff members as a result of "mishandling and neglect," and were subsequently circulated among the inmate population at USP-Florence. Id. at 10. The file included, in pertinent part, "a statement that alleged [McGee] admitted he in fact was A/B and agreed to . . . cooperate with the government." Id. at 9. McGee was immediately transferred to the special housing unit at the Federal Correctional Institution at Florence (FCI-Florence) for his protection.

In June 2002, shortly after his transfer to FCI-Florence, McGee was transferred to the federal penitentiary in Coleman, Florida (USP-Coleman), and placed in general population. According to the complaint, officials at USP-Coleman "were aware of plaintiff's need for protection and did nothing to protect" him. Id. at 10. Between October 2002 and March 21, 2003, several inmates, all alleged AB members, were transferred from USP-Florence to USP-Coleman. According to McGee, he was transferred to USP-Coleman for protection from these same inmates.

In approximately December 2002, several inmates informed USP-Coleman officials about a "hit" on McGee's life, but the officials took no action in response to that information. On March 21, 2003, McGee was attacked and stabbed six times. Since the

attack, McGee has been placed in a cell with two inmates from whom he required protection.

Based upon these factual allegations, McGee's complaint asserted three general claims. First, the complaint asserted that prison officials at USP-Florence violated the Privacy Act by disclosing his classification as an AB member to other inmates. Second, the complaint alleged the classification violated his due process rights. Third, the complaint (together with an amended complaint McGee filed on January 15, 2004) alleged that defendants violated his Eighth Amendment rights by (a) falsifying documents classifying him as a member of the AB, (b) allowing this falsified information to reach other inmates, (c) housing him, both in general population and in some instances in the same cell, with inmates known to be a threat to him because of his classification as an AB member, (d) failing to take any steps to protect him after learning a "hit" had been placed on his life as a result of his classification as an AB member, (e) failing to protect him from an actual assault that occurred on March 21, 2003, and (f) failing to provide him with adequate medical care for the stab wounds he incurred during the March 21, 2003, assault.

The district court dismissed McGee's claims. With respect to the Privacy Act and Eighth Amendment claims, the district court concluded that McGee had failed to adequately exhaust his administrative remedies by asserting those claims at every level of the administrative review process. As for the alleged due process violations, the district

court concluded they were legally frivolous under 28 U.S.C. § 1915A(b). Specifically, the district court concluded "McGee was not deprived of life or property as a result of his classification as a member of the Aryan Brotherhood," there was no "indication that . . . McGee's classification . . . impose[d] any atypical and significant hardship [on him] in relation to the ordinary incidents of prison life," and "no indication that [his] classification inevitably w[ould] affect the length of his confinement." ROA, Doc. 12 at 6-7.

McGee filed a timely notice of appeal, followed by a pro se appellate brief challenging all aspects of the district court's order of dismissal. We appointed counsel to represent McGee and directed counsel to file a supplemental brief addressing the district court's dismissal of his alleged due process violations.[1]

II.

***Privacy Act and Eighth Amendment Claims***

In his pro se appellate brief, McGee contends the district court erred in dismissing without prejudice his Privacy Act and Eighth Amendment claims for failure to exhaust administrative remedies. We review de novo a district court's finding of failure to exhaust administrative remedies. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

---

[1] We note that by our order the government has been required to brief and orally argue a case in which none of the named defendants have ever been served.

It is well established that a plaintiff seeking to assert either a <u>Bivens</u> claim or a claim under the Privacy Act must first exhaust all available administrative remedies. E.g., <u>Yousef v. Reno</u>, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001) (dismissing <u>Bivens</u> action for failure to exhaust administrative remedies); <u>Taylor v. United States Treasury Dep't</u>, 127 F.3d 470, 476-78 (5th Cir. 1997) (dismissing Privacy Act claim for failure to exhaust). Moreover, the Prison Litigation Reform Act of 1996 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A complaint "that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003) (internal quotations omitted). An inmate must not only adequately plead exhaustion, but must also attach copies of the "applicable administrative dispositions to the complaint." <u>Id.</u> (internal quotations omitted).

The BOP maintains a four-step procedure for processing inmate grievances. The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director. 28 C.F.R. § 542.15(a). Finally,

the inmate may appeal to the office of general counsel in Washington, D.C. 28 C.F.R. § 542.15. Each stage of the process has its own time limits and procedural instructions, and inmates are required to adhere to them.

After carefully examining the record on appeal, we conclude that McGee has failed to exhaust his administrative remedies with respect to his Privacy Act claim. Although McGee filed three official grievances (plus what appear to have been at least two requests filed directly, and thus improperly, with the regional director) concerning his classification as a member of the AB, none of those grievances alleged any Privacy Act violations.[2] More specifically, none of McGee's grievances mentioned his classification

_____

[2] McGee's first grievance was filed on April 28, 2002, and was assigned case No. 266711-F1. It challenged his classification as an AB member and requested a transfer to a federal correctional institution. The warden at USP-Florence denied that grievance on the grounds that McGee met the BOP's "criteria to be classified as a Validated Member of" the AB. ROA, Doc. 10, attachment. McGee thereafter failed to exhaust his administrative remedies with respect to this case.

McGee's second grievance was filed on May 15, 2002, and assigned case No. 268974-F1. The grievance challenged his classification as an AB member and stated that the "classification needlessly endanger[ed] [McGee's] life." Id. The warden at USP-Florence rejected the grievance on the same grounds as the first grievance. Although McGee appealed the denial to the regional director and the office of general counsel, it does not appear that his appeals were resolved on the merits. Instead, it appears they were rejected on procedural grounds.

McGee's third grievance was filed on September 25, 2002 and assigned case No. 278816-F1. It challenged his classification as an AB member, but made no mention of his life being in danger. The warden at USP-Coleman denied the grievance on October 21, 2002, concluding McGee satisfied BOP criteria for being classified as a member of the AB. McGee subsequently exhausted his administrative remedies in this case. In his appeal to the office of general counsel, McGee stated for the first time that his classification as an AB member endangered his life and placed unwarranted restrictions on his custody.

7

information being leaked to other inmates. Thus, the district court properly dismissed that claim without prejudice due to McGee's failure to exhaust.

We reach the same conclusion with respect to McGee's Eighth Amendment claims. In each of his three grievances, McGee asserted his classification as an AB member was wrong. In none of them, however, did he assert that prison officials (a) knowingly falsified his classification, (b) leaked his classification information to other inmates, (c) housed him with inmates known to be a threat to him, or (d) failed to take necessary steps to protect him from violence as a result of the classification. At best, McGee's second grievance (assigned case No. 268974-F1) stated the classification "needlessly endanger[ed] his life." ROA, Doc. 10 attachment. This assertion, however, was not sufficient in our view to alert prison officials to the existence of the Eighth Amendment violations alleged in McGee's complaint and amended complaint. As for the Eighth Amendment claims pertaining to the March 21, 2003, assault and the alleged inadequate follow-up medical care for injuries sustained in that assault, McGee filed no administrative grievances. Indeed, all three official grievances predated the March 21, 2003, assault. Thus, we conclude the district court properly dismissed McGee's Eighth Amendment claims without prejudice due to his failure to exhaust administrative remedies.

### *Due Process Claims*

McGee's pro se complaint generally alleged a violation of his due process rights

8

arising out of his classification as an AB member. The district court, presumably attempting to decipher the precise nature of the alleged violations, concluded they were legally frivolous under 28 U.S.C. § 1915A(b). In the supplemental brief filed by appointed counsel, McGee challenges the district court's conclusion, but in doing so provides substantially more detail regarding the alleged violations. In particular, McGee makes reference to both procedural and substantive due process violations that allegedly arose out of his classification. Although we generally do not address new theories on appeal, e.g., Okland Oil Co. v. Conoco Inc., 144 F.3d 1308, 1314 n.4 (10th Cir. 1998), we will, out of an abundance of caution given the circumstances of this case, proceed to address the specific due process violations asserted in McGee's supplemental brief. For the reasons outlined below, we conclude those alleged violations have not been administratively exhausted and must be dismissed without prejudice.

*Procedural due process violations* – In the supplemental brief, McGee makes at least a passing reference to a denial of procedural due process when he alleges that his classification as an AB member was "an extraordinary restraint on [his] liberty that call[ed] for a reasonably prompt hearing and periodic review." Supp. Aplt. Br. at 32. It is clear, however, that this allegation was never presented to prison authorities via the administrative remedy process. Thus, it is unexhausted and must be dismissed without prejudice.

*Substantive due process violations* – As regards a violation of substantive due

9

process rights, McGee states his "right to life and personal security are protected by the due process clause, and are directly implicated by his mis-classification as a member of the" AB. Supp. Aplt. Br. at 11. In addition, McGee argues that "prison classification as a member of a hate group that defines itself as a religious organization implicates liberty interests and other fundamental constitutional rights in a way that typical administrative classifications do not, and triggers the protection of the due process clause." Id.

The problem, again, is that McGee has not exhausted these claims via the administrative remedy process. Indeed, the only "claim" that has actually been pursued by McGee through all of the proper administrative remedy steps is his assertion that he was improperly classified as a member of the AB. Although at certain times he also mentioned that his classification as an AB member placed him in danger, he never fully exhausted that claim by pursuing it through all levels of the administrative remedy process. Thus, we conclude McGee's claim that defendants violated his right to personal safety has not been properly exhausted and should be dismissed without prejudice.

We reach the same conclusion with regard to McGee's claim that the classification violated his liberty interest by requiring him to be housed at a maximum security facility. In the final step of the one grievance that he fully exhausted, McGee alleged for the first time that his classification placed unwarranted restrictions on his custody. In denying McGee's appeal, the administrator of the National Inmate Appeals process did not address this new issue, and instead only addressed McGee's assertion that he had been

10

improperly classified. Thus, the claim remains unexhausted and must be dismissed without prejudice.

The dismissal of McGee's Privacy Act and Eighth Amendment claims is AFFIRMED. The dismissal of his due process claims as legally frivolous is REVERSED and REMANDED with directions to the district court to also dismiss McGee's due process claims without prejudice for failure to exhaust administrative remedies.

Entered for the Court

Mary Beck Briscoe
Circuit Judge