# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2009

Charles R. Fulbruge III
Clerk

No. 09-20042
Summary Calendar

SARALEIGH E LOONEY

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1166

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Saraleigh E. Looney challenges the district court's dismissing her damages claim. (As reflected *infra*, the Government's pending motion to dismiss in part for mootness and for summary affirmance is denied in part.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

From May 2000 to October 2003, Looney, a certified public accountant, served as a controller of NexTec Operating Corporation. After NexTec failed to pay its employment-withholding taxes for the third and fourth quarters of 2002, the Internal Revenue Service conducted an investigation, determined that Looney was responsible for NexTec's failure to pay those taxes, and proposed to assess her for the outstanding amounts, pursuant to 26 U.S.C. § 6672 (imposing liability "equal to the total amount of the tax evaded" on any person "required to collect, truthfully account for, and pay over any tax imposed" by the statute). Accordingly, the IRS proposed to assess Looney in the amount of $85,206.77 for the third, and $158,499.61 for the fourth, quarter of 2002. The IRS also entered into a monthly installment agreement with NexTec, pursuant to which NexTec was to pay outstanding taxes totaling $512,238.60, including penalties and interest.

After Looney's administrative appeal of the proposed assessments was denied in March 2005, Looney filed for Chapter 13 bankruptcy that April. The IRS assessed Looney with two above-discussed penalties pursuant to 26 U.S.C. § 6672 that May. It also retained Looney's 2004 tax refund in the amount of $2,607.

In April 2006, Looney filed this action, claiming the IRS wrongfully assessed her for NexTec's trust-fund-tax liabilities for the fourth quarter (by the time the action was filed, NexTec had paid the third-quarter assessment), as well as wrongfully retained her 2004 tax refund. In addition, Looney sought $1 million in damages, attorney's fees, and costs. In October 2006, the Government counterclaimed for the unpaid assessments, statutory additions, and interest.

In September 2007, Looney moved for partial summary judgment, claiming that, as a matter of law, she could not be held liable for NexTec's withholding-tax deficiency. In January 2008, the IRS moved for dismissal of Looney's damages claim for lack of jurisdiction and failure to exhaust.

In February 2008, the district court denied Looney's motion for partial summary judgment and granted the Government's motion to dismiss Looney's damages claim. The court held, *inter alia*: because the assessments did not violate the automatic stay, Looney failed to state a claim under 11 U.S.C. § 362; the IRS was not required to collect the unpaid withholding tax from NexTec before assessing Looney under 26 U.S.C. § 6672; and, to the extent Looney claimed that the IRS engaged in improper collection activities in violation of 26 U.S.C. § 7433, she failed to exhaust her administrative remedies.

After NexTec paid in full the balance of the withholding taxes, in November 2008, the Government moved for final judgment, representing to the court that it no longer sought to impose any liability on Looney for NexTec's tax deficiency, and that it sought no interest, statutory additions, or penalties arising out of that tax deficiency. The Government also acknowledged that Looney was entitled to an income tax refund in the amount of $2,607, plus statutory interest. Because Looney's damages claim had been dismissed, and having found that no other justiciable issues remained for trial, the district court entered final judgment on 19 November 2008, awarding Looney $2,607, plus statutory interest, and dismissing all of her other claims on the merits. Looney's motion to alter, amend, or vacate the final judgment, pursuant to the Federal Rule of Civil Procedure 59(e), was denied.

A summary judgment ruling is reviewed *de novo*, applying the same standard as the district court. *E.g.*, *Burrell v. Dr. Pepper / Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c). All facts and inferences are construed in the light most favorable to the nonmovant. *Burrel*, 482 F.3d at 411. Dismissals for failure to exhaust are also reviewed *de novo*, as are dismissals for mootness. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d

3

470, 475 (5th Cir. 1997) (failure to exhaust); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (mootness). Essentially for the reasons stated by the district court in its well-reasoned 26 February 2008 opinion and detailed 14 November 2008 final judgment, we affirm.

Because the Government no longer seeks to impose liability on Looney pursuant to 26 U.S.C. § 6672 and has been ordered to pay Looney $2,607, her § 6672 challenges are moot.

Looney's automatic-stay claims are without merit. Although referred to as "penalty" in the statute, the liability imposed pursuant to 26 U.S.C. § 6672 is, in essence, a tax. *See*, *e.g.*, *Cash v. United States*, 961 F.2d 562, 565 (5th Cir. 1992) ("Although denoted a penalty in the statute, the liability imposed by § 6672(a) is not penal in nature because it only recovers for the Government the same amount the employer was required to withhold and remit."). Therefore, the liability imposed pursuant to 26 U.S.C. § 6672 is exempted from the automatic stay pursuant to 11 U.S.C. § 362(b)(9)(D) ("an assessment for any tax"). To the extent Looney's automatic-stay claim may be construed to be based on 26 U.S.C. § 7433, she failed to exhaust her administrative remedies. *See* 26 U.S.C. § 7433(d)(1) (exhaustion requirement).

Finally, Looney's claim that the district court's judgment violated the "separate document" rule pursuant to the Federal Rule of Civil Procedure 58(a) is without merit because, by entering final judgment, the district court properly complied with the rule.

AFFIRMED.