*861 OPINION
PER CURIAM.
Dom Wadhwa, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing his complaint for lack of jurisdiction and an order denying his motions for reconsideration. We will vacate the District Court’s orders and remand for further proceedings.
Wadhwa filed a complaint in District Court alleging that on August 5, 2006, through counsel, he requested documents from the Department of Veterans Affairs (the “VA”) pursuant to the Freedom of Information Act, 5 U.S.C. §§ 552 et seq. (“FOIA”) and the Privacy Act, 5 U.S.C. §§ 552a et seq. Wadhwa, who appears to woi’k at the Philadelphia Veterans Affairs Medical Center, alleged that he did not receive a response to his request, and that the statutory time period in which the VA was required to respond had passed. Wadhwa sought an order directing the VA to release the documents he had requested.
The VA filed a motion to dismiss the complaint or, in the alternative, for summary judgment. In support of its motion, the VA submitted the declaration of Brendan Minihan, a FOIA/Privacy Officer for the Philadelphia Veterans Affairs Medical Center. Minihan attested that on August 7, 2006, Timothy Graham, the former FOIA/Privacy Officer, replied to Wadhwa’s counsel’s letter. Minihan attached a copy of Graham’s letter to his declaration.
Graham wrote that the estimated fee for processing counsel’s request was $354.30, and that the fee had to be paid before the documents would be produced. Graham denied counsel’s request to waive the fee and denied his request to review the records before they were duplicated. Graham also wrote that the agency would conclude that counsel did not wish to proceed with the request if the agency did not receive a response within 14 days. Graham stated that the denial of the fee waiver and estimated fees could be appealed to VA General Counsel.[1]
Minihan further attested that the VA did not receive a response to Graham’s letter or payment of the cost of producing the requested documents, and that the VA Office of the General Counsel has no record of receiving an appeal. Finally, Mini-han stated that on February 27, 2008, the VA responded to Wadhwa’s request under the Privacy Act. The VA informed Wadh-wa that the documents he sought were not maintained in a “system of records” as defined by the Privacy Act and were therefore not available under the Act. Wadhwa was advised that he could appeal the denial of his request.
Based on these facts, the VA argued that the District Court lacked jurisdiction over Wadhwa’s FOIA and Privacy Act claims because Wadhwa failed to exhaust his administrative remedies. The VA alternatively moved for summary judgment on Wadhwa’s Privacy Act claim based on the fact that it has no documents in its system of records. In response to the VA’s motion, Wadhwa asserted that neither he nor his attorney received Graham’s letter. Wadhwa also stated that he had filed other FOIA/Privacy Act requests and that the VA had refused to provide him the requested documents.
The District Court dismissed Wadhwa’s FOIA claim for lack of standing and dismissed his Privacy Act claim based on Wadhwa’s failure to exhaust his administrative remedies. The District Court also *862 denied Wadhwa’s motions for reconsideration. This appeal followed.
We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court’s dismissal of the complaint for lack of standing is de novo. See Common Cause v. Pennsylvania, 558 F.3d 249, 257 (3d Cir.2009).
The District Court concluded that Wadhwa lacked standing to sue the VA under FOIA because the VA did not deny Wadhwa’s request for documents, but offered to process his request for the requisite fee. The District Court relied on McDonnell v. United States, 4 F.3d 1227, 1238 (3d Cir.1993), in which we stated that “a ‘case or controversy' conferring standing arises only when a person makes a request for information under the FOIA and the petitioned agency denies that request.” McDonnell, however, is distinguishable because, unlike in this case, the plaintiff had not made a FOIA request. Here, Wadhwa made a FOIA request and alleged in his complaint that the VA failed to respond within the time provided by statute. Wadhwa had standing to file a complaint to enforce his request.
We disagree with the VA that Wadhwa’s failure to exhaust his administrative remedies is an alternative ground on which we may affirm the District Court’s order. Wadhwa’s complaint only claimed that the VA failed to respond to his August 5, 2006, FOIA request. Under FOIA’s constructive exhaustion provision, 5 U.S.C. § 552(a)(6)(C), Wadhwa was not required to exhaust his administrative remedies if he did not receive a response to his FOIA request before filing suit. See McDonnell, 4 F.3d at 1240; Oglesby v. United States Dep’t of Army, 920 F.2d 57, 63-4 (D.C.Cir.1990). Although the VA established that it had in fact responded to Wadhwa’s FOIA request, Wadhwa did not receive the response. Wadhwa did not amend his complaint and challenge the VA’s response to his request. Under the circumstances of this case, Wadhwa’s failure to appeal the VA’s response to his request for documents is not a proper basis for dismissal of Wadhwa’s complaint.
The VA did not move for summary judgment based on the fact that it responded to Wadhwa’s FOIA request. If the VA seeks summary judgment on remand and asserts that it timely responded to Wadh-wa’s request, Wadhwa will have an opportunity to challenge this assertion in a response to the motion. See Fed.R.Civ.P. 56(e). Athough Wadhwa asserts in his brief that Minihan’s declaration is false and inaccurate, we may not entertain such an argument in this appeal.[2]
We also disagree with the District Court’s conclusion that it lacks jurisdiction to entertain Wadhwa’s claim under the Privacy Act because Wadhwa failed to exhaust his administrative remedies. There is no statutory requirement of exhaustion related to a request for access to records. See 5 U.S.C. § 552a(d). To the extent exhaustion of administrative remedies is required, it is not a jurisdictional prerequisite. See Taylor v. United States Treasury Dep’t, 127 F.3d 470, 475-76 (5th Cir. *863 1997). The District Court need not determine whether exhaustion is required in this case because the VA alternatively moved for summary judgment on the merits of Wadhwa’s Privacy Act claim, submitting evidence that the VA informed Wadh-wa that the documents he requested are not contained in a “system of records” as defined by the Privacy Act, and are thus not available. In light of our remand with respect to Wadhwa’s FOIA claim, the VA may wish to renew its summary judgment motion on Wadhwa’s Privacy Act claim.
Accordingly, because we conclude that the District Court erred in deciding that it lacked jurisdiction, we will vacate the District Court’s orders and remand this case for further proceedings. Wadhwa’s motion to exclude the VA’s answer from its supplemental appendix is denied.

. Minihan also stated that Graham responded to a duplicative FOIA/Privacy Act request made by Wadhwa shortly before counsel wrote a letter on his behalf.

. Wadhwa also argues in his brief that he submitted other FOIA requests that were either denied or that certain documents were withheld. As noted by the District Court, the subject of Wadhwa's complaint is his August 5, 2006, request for documents. Wadhwa asserted in District Court that he sought to amend his complaint to include his other FOIA requests, but the District Court found in denying his motion for reconsideration that he had not in fact made such a request, and that the VA would be prejudiced if he were permitted at that time to amend his complaint. Wadhwa has not shown that the District Court abused its discretion.