# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50342
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2014

Lyle W. Cayce
Clerk

RICHARD L. LOWE,

Plaintiff–Appellant,

versus

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-145

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Although a U.S. citizen, Richard Lowe submitted an application to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50342

change his status on his Social Security card from "U.S. Citizen" to "Legal Alien Allowed to Work." The Social Security Administration ("SSA") issued an interim decision denying his request. Because Lowe did not utilize available administrative remedies, we affirm the district court's dismissal for failure to state a claim.

I.

Lowe was born in San Antonio, Texas, and is a United States citizen. In December 2011, he submitted a Form SS-5 (Application for a Social Security Card) to the SSA, requesting a change in his citizenship status from "U.S. Citizen" to "Legal Alien Allowed to Work." At some point thereafter, the SSA issued an interim decision denying his request. That decision explains that (1) the SSA could not approve Lowe's request until he contacted and obtained a ruling on his citizenship status from the United States Citizen and Immigration Services ("USCIS"), and (2) at that point, Lowe could resubmit his application.

In spite of acknowledging receipt of the decision, Lowe did not contact USCIS or appeal the decision. Instead, proceeding *pro se*, he sued the Commissioner of the SSA under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the Privacy Act, 5 U.S.C. § 552a. Lowe claimed that in spite of being a "political citizen of the nation of the United States," he remains "eligible to elect a Form SS-5 Block 5 civil status of 'Legal Alien Allowed to Work' without being a person of foreign nationality." Accordingly, he requested the court to order the Commissioner to update the agency's information to reflect his requested status of "Legal Alien Allowed to Work."[1] In response, the

---

[1] The suit sought declaratory relief under 28 U.S.C. § 2201–2202 and mandamus relief under 28 U.S.C. § 1361.

No. 14-50342

Commissioner moved to dismiss and, in the alternative, for summary judgment, contending that Lowe had failed to exhaust his administrative remedies. The district court agreed and dismissed.

## II.

If a statute requires a plaintiff to exhaust administrative remedies, his failure to do so deprives this court of subject-matter jurisdiction.[2] "[I]n the absence of a statutory requirement of exhaustion of administrative remedies, the jurisprudential doctrine of exhaustion controls." *Taylor*, 127 F.3d at 475. If a statute does not require exhaustion, but the jurisprudential doctrine of exhaustion applies, unexhausted claims will fail to state a claim upon which relief can be granted.[3]

## III.

Under the Privacy Act, an agency must provide a requesting party with access to certain records.[4] The Act also requires agencies "to establish procedures for reviewing a request from an individual concerning the amendment of any record or information pertaining to the individual, for making a determination on the request, [and] for an appeal within the agency of an

---

[2] *See Taylor v. U.S. Treas. Dep't*, 127 F.3d 470, 475 (5th Cir. 1997) (per curiam) ("Whenever the Congress statutorily mandates that a claimant exhaust administrative remedies, the exhaustion requirement is jurisdictional because it is tantamount to a legislative investiture of exclusive original jurisdiction in the agency.")

[3] *Id.* ("[I]n the absence of a statutory requirement of exhaustion of administrative remedies, the jurisprudential doctrine of exhaustion controls. The jurisprudential exhaustion doctrine is not jurisdictional in nature." (internal quotation marks and citations omitted)).

[4] 5 U.S.C. § 552a(d)(1) ("Each agency that maintains a system of records shall—upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him . . . .").

initial adverse agency determination . . . ." 5 U.S.C. § 552a(f)(4). The SSA has promulgated regulations, implementing the Privacy Act, which detail the process by which an individual can (a) correct records maintained by it[5] and (b) appeal the agency's determination of whether a record will be corrected. *See* 20 C.F.R. § 401.65. Those regulations observe that "[d]isagreements with these determinations are to be resolved through the SSA appeal process." *Id.*

Although we have held that "[t]he Privacy Act contains no express statutory requirement of exhaustion of administrative remedies," under the jurisprudential exhaustion doctrine, as a general matter, a litigant must still exhaust available administrative remedies. *Taylor*, 127 F.3d at 476. That doctrine "is a long settled rule of judicial administration which mandates that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Id.* (citations and internal quotation marks omitted).

Lowe does not dispute that (1) further SSA appeals were available to him and (2) he did not pursue a ruling from the USCIS or further SSA appeals before suing. Instead, he advances two reasons why we should entertain his claim on the merits: (1) He claims that he never received the initial decision from the SSA and therefore had nothing to appeal. And (2) he believes his appeal falls within the exception to judicial exhaustion outlined in *Patsy v. Florida International University*, 634 F.2d 900 (5th Cir. Jan. 1981) (en banc), *rev'd and remanded on other grounds sub nom. Patsy v. Board of Regents*, 457 U.S. 496 (1982).

---

[5] In order to appeal a failure to correct a record, an applicant must submit a request "to the manager identified in the notice of systems of records." 20 C.F.R. § 401.65(a). The applicant cannot, however, use the "correction process to alter, delete, or amend information which is part of a determination of fact or which is evidence received in the record of a claim in the administrative appeal process." § 401.65(b).

No. 14-50342

As to Lowe's first contention, the district court found that the SSA did in fact send him its interim decision before he sued.[6] To demonstrate error, Lowe only points to the fact that the interim decision was not dated. That fact—which Lowe pointed out to the district court—does not demonstrate that the court clearly erred in its finding. Lowe's unsupported assertion does not excuse his failure to exhaust administrative remedies available to him.

As to his second contention, "[w]hile courts have discretion in applying the jurisprudential exhaustion requirement, the exercise of that discretion is circumscribed in that a court should only excuse a claimant's failure to exhaust administrative remedies *in extraordinary circumstances*." *Taylor*, 127 F.3d at 477 (citations omitted) (emphasis added). We fully agree with the district court that Lowe "has not shown 'extraordinary circumstances' were present here to excuse the SSA's exhaustion requirements."[7]

The judgment of dismissal is AFFIRMED.

---

[6] "Plaintiff received an interim decision from the SSA advising him that it lacked the agency authority to change his citizenship status and that Plaintiff would have to first contact and obtain a ruling as to his citizenship status from [USCIS]."

[7] As the district court observed,

The statutes specifically authorize the SSA to require documentary information in addition to the form SS-5. Beyond his assertion that he should not have to comply with the SSA's procedures because the SSA would have rejected his claim anyway, Plaintiff presents no reason to excuse the SSA's exhaustion requirement. Further, even assuming that the SSA erroneously requested additional information, he does not demonstrate how his dispute could not have been presented to the Commissioner pursuant to the SSA's appeal process.